## UNITED STATES v. TIFFANY.

### (Circuit Court, S. D. New York. January 4, 1905.)

CUSTOMS DUTIES—ACTION FOR UNPAID DUTIES—FINALITY OF DECISION OF COLLECTOR.

> The provision in section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], that the decision of the collector of customs as to duties "shall be final and conclusive," unless the duties are paid under protest, and proceedings brought for their recovery before the Board of General Appraisers, does not require that on an action by the government for unpaid duties the importer should be limited to the proceedings prescribed in said section. He may defend on the ground that the assessment in question was illegal.

At Law. Action to recover duties. Motion to exclude evidence. Compare United States v. Phelps, 17 Blatchf. 312, 317, 27 Fed. Cas. 521, and United States v. Campbell (D. C.) 10 Fed. 816, 819.

Tiffany & Co. imported into the port of New York and entered for consumption certain merchandise on which duty was assessed at the rate of 10 per cent. ad valorem, the entry being liquidated on that basis and the duties duly paid. Within one year after the liquidation the merchandise was reclassified at the rate of 60 per cent. ad valorem and the entry reliquidated on that basis. The importers filed a protest against the reliquidation, but neglected to pay the increased amount that had accrued; whereupon the government brought these proceedings for the recovery of the unpaid balance. The importers alleged in their answer that the duties had been illegally assessed, and at the trial of the cause offered proof of this allegation. The government objected to the introduction of such evidence, on the ground that the importers have no right to question the correctness of the assessment of duty, the reason for this objection being that section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], provides that the decision of the collector "shall be final and conclusive" in the

absence of protest and of proceedings before the Board of General Appraisers. Said section reads in part as follows:

"Sec. 14. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise * * * shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee or agent of such merchandise, or the person paying such fees, charges and exactions other than duties, shall within ten days after, but not before such ascertainment and liquidation of duties, * * * give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reason for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of duties and charges ascertained to be due thereon. Upon notice and payment the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of three general appraisers, * * * which board shall examine and decide the case thus submitted, and their decision, or that of a majority of them, shall be final and conclusive upon all persons interested therein, * * * except in cases where an application shall be filed in the circuit court within the time and in the manner provided for in section fifteen of this act."

A motion was formally made on this point and was argued before the court, the importers relying upon the decision of the Supreme Court in United States v. Goldenberg, 168 U. S. 95, 18 Sup. Ct. 3, 42 L. Ed. 394, as authority for their position.

Henry A. Wise, Asst. U. S. Atty.
William B. Coughtry and A. J. Rose, for importer.

COXE, Circuit Judge (orally). I think I will overrule the objection. My impression is that, under the peculiar reading of this section as interpreted by the Supreme Court, the only remedy the importer now has is to do just what these parties have done, and that if they should pay the duties at this time or at any time there would be at least an exceedingly awkward question for them to meet before the Board of General Appraisers. Objection overruled and motion denied.

At the close of the trial the jury brought in a verdict for the importer.